1  RICHARD B. TONINI
   7734 MADRILENA WAY
2  CARLSBAD, CALIFORNIA 92009
   760.271.2492
3



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD B. TONINI<br>Plaintiff,<br><br>vs.<br><br>MANDARICH LAW GROUP, LLP<br>CACH, LLC<br><br>**Defendants** | Case No. 12 CV 0637 WQH WMc<br><br>**PLAINTIFFS REPLY TO<br>TO DEFENDANTS MOTION TO<br>DISMISS.**<br><br>Date: June 18, 2012<br>Time: 11:00 am<br>Courtroom: 4<br><br>**NO ORAL ARGUMENTS UNLESS<br>REQUESTED BY THE COURT** |
|---|---|

COMES NOW Richard B. Tonini, the Plaintiff in the above referred action, files this Reply and Motion in response to Defendants Mandarich Law Group, LLP and CACH, LLC.

A Motion to Dismiss is improper in this case because there are genuine issues of fact on elements of Plaintiff's cause of action for violations of the Fair Credit Reporting Act (FCRA) and The Rosenthal Fair Debt Collection Practices Act.

## INTRODUCTION

1. Plaintiff is Richard B. Tonini; Defendants are Mandarich Law Group, LLP and CACH, LLC.

2. On March 12, 2012 Plaintiff sued Defendants for violation of the FCRA and Rosenthal Fair Debt Collection Practices Act.

3. On May 17, 2012 Plaintiff received Defendant CACH's original answer

4. On May 19, 2012 Plaintiff received a Notice of Joinder Motion to Dismiss from CACH attorney Timothy P. Johnson.

5. On May 25, 2012 Plaintiff received Mandarich Law Group's Notice of Motion to Dismiss from attorney Nathaniel Clark, dated May 14, 2012.

## REPLY TO DEFENDANTS 12b MOTION TO DISMISS

6. Defendants assert Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff's complaint is well-plead and more than adequately complies with the **Federal Rules of Civil Procedure 8 (a).** Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims he is entitled to relief:

NOTICE PLEADING:

7. See *Janke Construction Co. v. Vulcan Materials Co.*, 527 F .2d 772 (7th Cir. 1974); *Hrubec v. Nat. R.Pass. Corp.*, 981 F .2d 962 (7th Cir. 1992). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. *Hosprop v. Board of Junior College District No. 1*, 523 F .2d 569 (7th Cir. 1975), cert. denied, 425 U.S. 963, 48 L. 2d 208, 96 S. Ct. 1748 (1975).

**8.** There are "no technical forms of pleading," and Plaintiff's original Complaint conforms

with Rules 8(a), 8(e), 8(f), and 10 of the Federal Rules of Civil Procedure. *Maynard v. General Electric Company,* 486 F .2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. *Neizil v. Williams,* 543 F . Supp. 899 (U.S.D.C. M.D. Fla 1982); *Ambling v. Blackstone Cattle Co.,* 658 F . Supp. 1459 (U.S.D.C. N.D. Ill. 1987).

9. The complaint must be in general terms and need not be stated within a framework of a cause of action. *Stanley v. Harper Buffing Mac.,* 28 F.R.D. 579 (U.S.D.C. Conn. hine Co1961). Legal conclusions or statements of law must not be alleged in the complaint. Curacao *Trading Co. v. Fed. Ins. Co.,* 3 F.R.D. 203 (U.S.D.C. N.Y. 1942).

10. Plaintiff need not state his legal theories and discuss all applicable law or laws which might be applied by the court. Federal courts employ notice pleadings. Plaintiff has done much more than merely put Defendants on notice of his claims pursuant to *Fred.R.Civ.Proc. 8.*

11. Futhermore, the complaint is sufficient if it shows that Plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. VulcanMaterials Co.,* 527 F .2d 772 (7th Cir. 1974); *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989).

12. Plaintiff's allegations must be treated and presumed as true and correct in all respects and Plaintiff's factual allegations are to be liberally construed so that Plaintiff is likewise afforded each and every favorable inference to be drawn from this. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct 1683 (1974); *Miree v. Dekalb County, Georgia,* 433 U.S. 25, 97 S.Ct. 2490 (1977).

13. If admitted and taken as true, the allegations of the Plaintiff's complaint do state claims upon which relief can be granted.

## PLAINTIFF'S REPLY TO PERMISSIBLE PURPOSE

14. In their motion, the Defendants state that CACH purchased two separate accounts related to the Plaintiff and is suing the Plaintiff in state court, which gives the Defendants permissible purpose to obtain Plaintiff's credit report.

15. Other than generic and non-specific statements, there is no evidence of any "account" of Richard B. Tonini existing. There is nothing on the record of any signed contract or original agreement before the court. Plaintiff is vigorously defending himself in both lawsuits and objects to Defendant's "True and accurate copies …attached as Exhibits A and B," as neither were included in Plaintiff's mailing from Defendant Mandarich. See attached Avadavit.

16. Alleged accounts not withstanding, it is the position of the Plaintiff that the Defendants **never had** a permissible purpose to pull the Plaintiff's credit report.

17. Defendants' declare that that they have a permissible purpose by citing: 15 U.S.C § 1681b (a)(3)(A) "…collection of an account…"

18. 15 U.S.C § 1693a (2) states as follows: "the term "account" means a <u>demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) of this title,)</u>, as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

19. 15 U.S.C § 1602. Definitions and Rules of construction, specifically 15 U.S.C § 1602 (i) states: The terms "open end credit plan" and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which

may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an open end credit plan or open end consumer credit plan even if credit information is verified from time to time.

20. According to the definitions of "account" of the FCRA, a credit card account, as noted in in the Defendants' motion, is defined and classified as an "open-end credit plan" and therefore **would not** provide the Defendants with a permissible purpose to pull and obtain Plaintiff's credit report.

21. Plaintiff believes the above explanation would hold true for the violation of The Rosenthal Fair Debt Collection Practices Act.

## CONCLUSIONS

Plaintiff believes he has addressed and opposed each and every argument submitted by the Defendants, Mandarich Law Group, LLP and CACH, LLC. All of the Plaintiff's claims are properly plead and none are subject to dismissal. In determining whether genuine issues of material fact exists, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch Props., 140 F.ed at 625.*

WHEREFORE, Plaintiff respectfully moves the Court that Defendants' Motion to Dismiss with prejudice be denied and allow Plaintiff's claim to move forward to trial by jury on the merits.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully Submitted,

*Richard B. Tonini* (signature)

Richard B. Tonini
7734 Madrilena Way
Carlsbad, Ca. 92009
(760) 271-2492

1  RICHARD B. TONINI
2  7734 MADRILENA WAY
   CARLSBAD, CALIFORNIA 92009
3  760.271.2492

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. TONINI<br>Plaintiff,<br><br>vs.<br><br>MANDARICH LAW GROUP, LLP<br>CACH, LLC<br><br>**Defendants** | Case No. 12 CV 0637 WQH WMc<br><br><br>AFFIDAVIT |

## AFFIDAVIT

NOW COMES the Affiant/Plaintiff, Richard B. Tonini of Carlsbad, California, who is over the age of 21 years, competent to testify, and declares as follows under the penalty of perjury regarding Case No. 12 CV 0637 WQH WMc; Richard B. Tonini v. Mandarich Law Group, LLP and CACH, LLC.

1. Mandarich Law Group, LLP filed their answer to the complaint with a Motion to Dismiss with the court, filed on May 14, 2012.

2. Mandarich Law Group, LLp mailed their response to the Plaintiff on May 22, 2012 as

noted by a copy of Mandarich's certificate of service (copy attached).

3. Plaintiff did not receive Mandarich's answer to the complaint until Friday, May 25, 2012.

4. Since answers to Motions must be responded to in a timely matter, Defendant waited 8 days from the filing date and it was 11 days before Plaintiff received the information.

5. The Defendants' answer refers to 2 exhibits which Defendant describes as "true and accurate" as regards to their state complaints.

6. Plaintiff does not know if both exhibits are "true and accurate" as they were not include in the mailing to Plaintiff and therefore could not be reviewed for their accuracy.

## AFFIRMATION

I hereby affirm that I prepared and have read the Affidavit and that I believe the foregoing statements in the Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs are my own direct knowledge of the statements described here in.

Further the Affiant saveth naught.

Signed in Carlsbad, California

May 29, 2012

*[signature]*

Richard B. Tonini

Notary Public - see Attachment

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of __San Diego__

On __MAY 29, 12__ before me, __Naomi Benavides Ramos – Notary Public__,
(Here insert name and title of the officer)

personally appeared __Richard B. Tonini__,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

__Naomi Benavides Ramos__
Signature of Notary Public

(Notary Seal)

```
OFFICIAL SEAL
NAOMI BENAVIDES RAMOS
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1912645
SAN DIEGO COUNTY
MY COMM. EXP. NOV. 8, 2014
```

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

__Affidavit__
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date _____

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 6301 Owensmouth Avenue, Suite 850, Woodland Hills, CA 91367.

On May 22, 2012, I served the foregoing documents(s) described as: Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities, on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Richard B. Tonini
> 7734 Madrilena Way
> Carlsbad, CA 92009

[X]   BY MAIL: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Mandarich Law Group, LLP. I am "readily familiar" with the business practices of Mandarich Law Group for collection and processing of correspondence for mailing with the U.S. Postal Service. Such correspondence would be deposited with the U.S. Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

Executed this 22th day of May, 2012 at Los Angeles, California

Elisa Lomeli