**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD B. TONINI<br><br>                              Plaintiff,<br>   vs.<br>MANDARICH LAW GROUP, LLP;<br>CACH, LLC,<br><br>                              Defendants. | CASE NO. 12cv637 WQH (WMC)<br><br>ORDER |

HAYES: Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant Mandarich Law Group, LLP. (ECF No. 7).

**I.   Background**

On March 14, 2012, Plaintiff initiated this action by filing the Complaint against Defendant Mandarich Law Group, LLP ("Mandarich Law Group") for improperly obtaining Plaintiff's credit report on two occasions on behalf of Cach, LLC ("Cach"). On May 7, 2012, Defendant Cach filed an Answer.

On May 14, 2012, Defendant Mandarich Law Group filed a Motion to Dismiss. On May17, 2012, Cach filed a notice of joinder to the Motion to Dismiss.[1]

---

[1] Cach seeks to join in the Motion to Dismiss filed by Mandarich Law Group. Cach contends that it is permitted to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Cach contends that the standard for a motion to dismiss and motion for judgment on the pleadings "are virtually interchangeable." (ECF No. 10 at 3). Plaintiff has not opposed the joinder of Cach in the Motion to Dismiss. The Court permits Cach to join in the Motion to Dismiss filed by Mandarich Law Group.

On May 29, 2012, Plaintiff filed an Opposition.

On June 1, 2012, Mandarich Law Group filed a request for judicial notice. On June 11, 2012, Mandarich Law Group filed a Reply.[2] On June 11, 2012, Cach filed a notice of joinder to the Reply.

**II.     Allegations of the Complaint**

"Plaintiff pulled his consumer credit report from the three major credit reporting agencies and found entries that he was unfamiliar with in the reports." (ECF No. 1 at ¶ 7). "Plaintiff determined that his consumer credit report had been pulled on various occasions by various entities he did not recognize and without his consent." *Id*. at ¶ 8.

Plaintiff asserts a claim for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 against Mandarich Law Group and Cach. "On July 5, 2011 and on September 16, 2011, Defendant [Mandarich Law Group] on behalf of [Cach] obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. §1681b." *Id*. at ¶ 19. "Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendants ...." *Id*. at ¶17. "At no time did Plaintiff give his consent for [Mandarich Law Group and Cach] to acquire his consumer credit report from any credit reporting agency." *Id*. at ¶ 18. Plaintiff alleges that "[t]he action of [Mandarich Law Group and Cach] ... was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiffs right to privacy." *Id*. at ¶ 20.

Plaintiff also asserts a claim for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code section 1788 et seq. against Mandarich Law Group and Cach. Plaintiff alleges the same facts to support the RFDCPA claim as he alleged to support the FCRA claim.

---

[2] On June 18, 2012, Plaintiff filed an objection to the reply. Plaintiff seeks an order striking the reply from the docket the on the grounds that Plaintiff was not provided a copy of the reply until July 13, 2012. (ECF No. 21). The proof of service states that Plaintiff was served with the reply on July 11, 2012 through placement of the Reply in the U.S. Postal Service mail. Service was adequate pursuant to the local rules. *See* CivLR 7.1(e)(3).

### III. Request for Judicial Notice

Defendants have submitted a request for judicial notice of the summons and complaint filed on October 10, 2011 in the Superior Court of California for the County of San Diego titled *Cach, LLC v. Richard B. Tonini*, case number 37-2011-58728-CL-CL-NC and the summons and complaint filed on April 3, 2012 in the Superior Court of California for the County of San Diego titled *Cach, LLC v. Richard B. Tonini*, case number 37-2012-52492-CL-CL-NC.

The October 10, 2011 complaint was filed by Mandarich Law Group on behalf of Cach. Cach asserts that it is the assignee of a credit card account between MBNA America, N.A. and Richard Tonini. The complaint asserts two claims against Tonini including breach of contract and account stated regarding an alleged credit card account balance of $24,076.71. The April 3, 2012 complaint was filed by Mandarich Law Group on behalf off Cach. Cach asserts that it is the assignee of a credit card account between Bank of America, N.A. and Richard Tonini. The complaint asserts two claims against Tonini including breach of contract and account stated regarding an alleged credit card account balance of $8,166.12.

Federal Rule of Evidence 201 provides that "a judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 210(b). Courts may take judicial notice of their own records, and may also take judicial notice of other courts' proceedings if they "directly relate to matters before the court." *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136-37 (S.D. Cal. 2006); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

The request for judicial notice of the summons and complaint filed in *Cach, LLC v. Richard B. Tonini*, case number 37-2011-58728-CL-CL-NC and *Cach, LLC v. Richard B. Tonini*, case number 37-2012-52492-CL-CL-NC is GRANTED.

### IV. Contentions of the Parties

Defendants contend that Mandarich Law Group is a debt collector who was retained by Cach to collect Plaintiff's delinquent credit card debts. Defendants contend that the allegations

of the Complaint that Defendants did not have a permissible purpose to obtain Plaintiff's credit report are vague and conclusory. Defendants contend the FCRA provides a debt collector may obtain a credit report in the course of collecting a debt. Defendants contend that "Plaintiff is well aware of the purpose for which Defendant pulled his credit report" because "Plaintiff and Defendants are in the midst of state court actions involving these debts." (ECF No. 7 at 7).

Plaintiff contends that he has satisfied the requirements of notice pleading. Plaintiff contends that there is "no evidence of any 'account' [on which he owes a debt because t]here is nothing on the record of any signed contract or original agreement before the court." (ECF No. 12 at 4). Plaintiff contends that he is "vigorously defending himself in both lawsuits ...." *Id.* Plaintiff contends that a credit card account is not the type of account for which a debt collector may pull a credit report in the course of collecting a debt. *Id.* (citing the definition of "account" in the Electronic Fund Transfers Act, 15 U.S.C. § 1693a and the definition of "open end credit plan" in the Truth in Lending Act, 15 U.S.C. § 1602).

**V.   Applicable Standard Law**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**VI.  Federal Law Claims**

The FCRA imposes civil liability against "[a]ny person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose ...." 15 U.S.C. §§ 1681n(b); *see also Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1557 (11th Cir.1985) ("[C]ivil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA." ). A consumer report is "any information by a consumer reporting agency bearing on a consumer's credit worthiness ...." 15 U.S.C. § 1681a(d)(1). The FCRA lists several permissible purposes for obtaining a consumer report including that a consumer reporting agency may provide a consumer report to "a person which it has reason to believe ... intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer ...." 15 U.S.C. § 1681b.

"A collection agency is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt." *Pyle v. First Nat. Collection Bureau,* Case No. 1:12cv288–AWI–SKO, 2012 WL 1413970 at *3 (E.D. Cal. Apr. 23, 2012) (concluding that plaintiff's allegations were vague and conclusory on the grounds that the allegations that

1  plaintiff "never at anytime had any business dealing or accounts with the Defendant" fails to
2  establish that Defendant's activities were impermissible.).  "Where a permissible purpose for
3  obtaining the credit information is demonstrated, then, as a matter of law, the information
4  cannot have been obtained under false pretenses."  *Perretta v. Capital Acquisitions &*
5  *Management Co.*, Case No. C-02-05561 RMW, 2003 WL 21383757 at *5 (N.D. Cal. May 5,
6  2003) (granting a motion to dismiss a claim under FCRA because "defendant obtained
7  plaintiff's consumer report ... in connection with an effort to collect a debt.") (citations
8  omitted).

9        In this case, Plaintiff makes vague and conclusory allegations that Defendants
10 Mandarich Law Group and Cach "obtained the TransUnion consumer credit report for the
11 Plaintiff with no permissible purpose .... [because] Plaintiff has never had any business
12 dealings or any accounts with, made application for credit from, made application for
13 employment with, applied for insurance from, or received a bona fide offer of credit from the
14 Defendants." (ECF No. 1 at ¶¶ 17, 19); *see also Pyle*, 2012 WL 1413970 at 3.  The Court finds
15 that Plaintiff has failed to allege sufficient facts to state a claim for violation of the FCRA
16 against Defendants Mandarich Law Group and Cach.  The Court concludes that Plaintiff has
17 failed to set forth sufficient facts to show that Defendants' actions were not permissible under
18 the FCRA.

19 **VII.  State Law Claims**

20       The Complaint alleges that federal question jurisdiction exists pursuant to 28 U.S.C. §
21 1331. (ECF No. 1 ¶ 1).  The Complaint asserts a claim pursuant to the FCRA, 15 U.S.C. §
22 1681, and the RFDCPA, California Civil Code section 1788 et seq.

23       The federal supplemental jurisdiction statute provides: "[I]n any civil action of which
24 the district courts have original jurisdiction, the district courts shall have supplemental
25 jurisdiction over all other claims that are so related to claims in the action within such original
26 jurisdiction that they form part of the same case or controversy under Article III of the United
27 States Constitution."  28 U.S.C. § 1367(a).  A district court may decline to exercise
28 supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). In this case, the Court has dismissed the federal claim against Defendants. The Court declines to exercise supplemental jurisdiction over the state law claims against Defendants pursuant to 28 U.S.C. §1367(c). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."). Accordingly, the Motion to Dismiss the remaining state law claim is GRANTED.

**VIII. Conclusion**

IT IS HEREBY ORDERED the Motion to Dismiss filed by Defendants Mandarich Law Group, LLP and Cach, LLC (ECF Nos. 7, 10) is GRANTED. The Complaint is DISMISSED. No later than thirty days from the date of this Order, Plaintiff may file a motion for leave to file a first amended complaint along with a proposed first amended complaint. If Plaintiff does not file a motion for leave to file an amended complaint, the Court will close the case.

DATED: July 9, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge